after such refusal, a writ of error was sued out in the attachment action, but it did not appear that the defendant was ever made a party to the *supersedeas* or that he ever received formal notice thereof, or that the writ was filed in the Municipal Court clerk's office, and defendant claimed that as the suit in question was begun after the said writ of error was sued out, the writ might be pleaded in abatement, *held* that, after the defendant had been discharged as garnishee and demand had been made upon him to return the money, he had no right to retain the funds in the expectation that the defeated party in the original case might sue out a writ of error.

2. GARNISHMENT—*when garnishee is not entitled to retain money pending writ of error.* A garnishee in an attachment action has no right after the attachment has been quashed, and an order discharging him as garnishee has been entered, to retain the money during the pendency of a writ of error where no *supersedeas* was allowed, and he was not a party to the writ of error, and no notice of its issuance had been served upon him, and the writ was never filed with the clerk of the court to which such writ issued.

3. APPEAL AND ERROR, § 710*—*what is effect of supersedeas.* A *supersedeas* suspends the efficacy of a judgment, but does not, like reversal, annul the judgment.

---

## John A. Donahue, trading as John A. Donahue & Company, Appellant, v. Wheeling Mold & Foundry Company, Appellee.

### Gen. No. 22,856.   (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. CHARLES N. GOODNOW, Judge, presiding. Heard in this court at the October term, 1916. Reversed and remanded. Opinion filed April 16, 1917. Rehearing denied April 30, 1917.

### Statement of the Case.

Action by John A. Donahue, trading as John A. Donahue & Company, plaintiff, against the Wheeling Mold & Foundry Company, defendant, to recover for breach of a contract for the sale of a road roller busi-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

ness. From a judgment for defendant for costs, plaintiff appeals.

CAMERON & MATSON, for appellant.

NINDE, POTTER & RIGBY, for appellee.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 1101*—*what is effect of failure of appellee to file brief.* In the absence of a brief by the appellee, the Appellate Court will, under its rules, accept as true the statement of the case as it appears in the brief of the appellant.

2. MUNICIPAL COURT OF CHICAGO, § 10*—*what is form of action of the fourth class.* In an action of the fourth class in the Municipal Court, the form of action is such as the evidence makes it.

3. MUNICIPAL COURT OF CHICAGO, § 13a*—*what does not constitute variance between statement of claim and evidence in action for breach of contract.* In an action of the first class brought in the Municipal Court on a contract, where the plaintiff's statement of claim alleged a contract for the sale of a certain business, and asserted that he had performed his part of the contract and that the defendant had breached the undertaking, and it appeared on the trial that the plaintiff had not performed his undertaking in certain particulars, and plaintiff undertook by evidence to explain such nonperformance, and the trial court held that such evidence constituted a variance between the statement of claim and the proof and decided against plaintiff's claim, *held* that if nonperformance of some of the details of the undertaking was excusable or agreed upon between the parties, plaintiff was still entitled to recover whatever his damages might have been, and that the ruling against plaintiff on the ground of variance was error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.